## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SIELE BALIACH, | : |
| PAUL MUSUMBA, and | |
| SERGE BABO, | : CIVIL ACTION NO. 1:10-1503 |
| Plaintiffs | : (CALDWELL, D.J.) |
| | (MANNION, M.J.) |
| v. | : |
| WARDEN, YORK COUNTY | : |
| PRISON, et al., | |
| | : |
| Defendants | |

### REPORT AND RECOMMENDATION[1]

On July 21, 2010, the above listed action was transferred from the Eastern District of Pennsylvania. (Doc. No. 2, Doc. No. 3[2]). On July 26, 2010, an administrative order was issued directing each plaintiff to submit either the required filing fee or the appropriate motion to proceed *in forma pauperis* and authorization form. (Doc. No. 7).

On August 9, 2010, the administrative order sent to plaintiff Musumba was returned as undeliverable. (Doc. No. 10). A docket annotation dated September 1, 2010, indicates that plaintiff Musumba's address had been changed and, as a result, court documents were re-mailed to the new

---

[1] For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

[2] Although the order transferring the action was dated July 13, 2010, (Doc. No. 2), a docket annotation indicates that the action was not transferred from the Eastern District of Pennsylvania until July 21, 2010. (Doc. No. 3).

address.  As of the date of this report, no response to the administrative order has been received from plaintiff Musumba. In fact, since the filing of the complaint in the Eastern District, plaintiff Musumba has had no communication with the court.

On August 11, 2010, plaintiff Baliach filed a motion to proceed *in forma pauperis*, (Doc. No. 11), and an authorization form, (Doc. No. 12). On the same date, plaintiff Babo filed a motion to proceed *in forma pauperis*, (Doc. No. 13), and authorization form, (Doc. No. 14). As a result, on September 1, 2010, financial administrative orders were issued directing the withdrawal of funds from the inmates' accounts for purposes of the instant action. (Doc. No. 15, Doc. No. 16).

On September 13, 2010, the copy of the financial administrative order sent to plaintiff Babo was returned as undeliverable. (Doc. No. 17). Additional mail sent to plaintiff Babo was returned as undeliverable on October 19, 2010. (Doc. No. 20). Plaintiff Babo has not communicated with the court since August 11, 2010, when he submitted his financial documentation.

Also on October 19, 2010, mail sent to plaintiff Baliach was returned as undeliverable. (Doc. No. 21). Again, plaintiff Baliach has not communicated with the court since August 11, 2010, when he submitted his financial documentation.

On December 3, 2010, the court made yet another attempt to determine if the plaintiffs wished to continue this action.  (Doc. No. 22).  On December

27, 2010, and January 11, 2011, (Doc. Nos. 23 and 24), the order of December 3, 2010, was returned to the court marked "Unable to Forward" and "No forwarding address." Since the plaintiffs have failed to contact the court for some time, it is presumed that they have chosen not to pursue this action.

The plaintiffs failure to comply with this court's orders constitutes a failure to prosecute this action and therefore this action is subject to dismissal pursuant to Fed. R. Civ. P. 41(b), which states in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule — except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 — operates as an adjudication on the merits.

The Third Circuit has long held that Rule 41(b) does not prohibit the *sua sponte* dismissal of actions against a defendant.

> As was said in *Link v. Wabash R.R.*, where the plaintiff argued that F.R.C.P. 41(b) by negative implication prohibits involuntary dismissal except on motion by the defendant, no restriction on the district court's power should be implied: 'The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'

*Kenney v. Cal. Tanker Co.*, 381 F.2d 775, 777 (3d Cir. 1967).

In the instant action, the court cannot properly control its docket, move this action forward and properly protect the rights of all parties if the plaintiffs fail to comply with orders issued by this court. Moreover, such conduct should

3

not be condoned in light of the large prisoner dockets presently pending before the federal courts, all of which require prompt and thorough review.

Finally, the plaintiffs were advised in the court's most recent order of December 3, 2010, that "On or before **December 20, 2010**, each plaintiff shall file a status report with the court indicating whether he wishes to continue with this action. Failure to comply with the instant order by any plaintiff within the time specified will result in a recommendation that the instant action be dismissed with respect to non-responding plaintiff". (Doc. No. 22). Since there has been no response from any of the plaintiffs, the plaintiffs' failure to comply with this court's order justifies dismissal of this action.

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

the instant action be **DISMISSED** pursuant to Fed. R. Civ.P. 41(b) and this court's inherent powers.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date: February 25, 2011**

O:\shared\REPORTS\2010 Reports\10-1503-01.wpd